UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Enrique Aragon-Hernandez,   Civil No. 13-2218 SRN/AJB

    Petitioner,

v.

    **REPORT AND RECOMMENDATION**

United States of America,

    Respondent.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a). Petitioner Enrique Aragon-Hernandez is a federal prisoner presently incarcerated at the Federal Medical Center at Rochester, Minnesota. In his petition the prisoner moves for habeas corpus relief under the reasoning in the United States Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), further asserting that § 2255 is inadequate or ineffective to test the legality of his detention. Alleyne addresses the Sixth Amendment requirement that each element of a crime must be proven to a jury beyond a reasonable doubt and holds that a factor that increases the mandatory minimum term of imprisonment is such an element. Id. at 2153.

The government opposes the petition, arguing that the petitioner cannot proceed under § 2241 because he relies upon a constitutional doctrine arising out of Apprendi v. United States, 120 S.Ct. 2348 (2000), that cannot be applied retroactively. The United States further contends that, in any event, Alleyne does not apply in this instance because the petitioner's sentence was the result of a discretionary sentencing determination that was within the

sentencing guideline range. It is the magistrate judge's conclusion herein that the petition under § 2241 should denied and this action should be dismissed.

**Background and Claims**

Petitioner Enrique Aragon-Hernandez was indicted in the Northern District of Iowa on three drug distribution counts and a firearms possession charge by superseding indictment issued on December 19, 2006.[1] Each of the drug charges recited drug quantities needed to invoke mandatory minimum sentences for violation of applicable statutory provisions. He was found guilty on all charges by jury verdict returned on April 12, 2007.[2] Specifically, the jury found the defendant guilty on the Count 1 conspiracy charge and by way of verdict interrogatory indicated that the quantity of methamphetamine involved in the offense was 500 grams or more, invoking a 10-year minimum sentence. The jury also expressly indicated that 50 grams or more of methamphetamine was involved in the Count 2 distribution charge, and 50 grams or more of methamphetamine was involved in the Count 3 distribution charge, each invoking a 5-year minimum sentence; and the defendant was likewise guilty on the Count 4 firearms charge.[3] Sentencing judgment was executed by the district court on July 23, 2007.[4] Mr. Aragon-Hernandez was sentenced to a total term of 211 months, consisting of 151 months on Counts 1 through 3, to be served concurrently, and 60 months on Count 4, to be served consecutive to the 151 month sentence. He was also sentenced to a total of 5 years supervised

---

[1] Gov't Mot. to Dismiss Pet., Ex. A [Docket No. 4].

[2] Petitioner's Mot. Pursuant to 28 U.S.C. § 2241, Ex. 1 [Docket No. 1].

[3] Id.

[4] Gov't Mot. to Dismiss Pet., Ex. B.

release upon release from imprisonment.[5]

The petitioner appealed the firearm conviction and the conviction was affirmed on direct appeal. United States v. Hernandez, 280 Fed. Appx. 567 (8th Cir.) (cert. denied, 129 S.Ct. 584 (2008)). Thereafter, in June 2009, the petitioner filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of trial and appellate counsel. The § 2255 petition was dismissed and a certificate of appealability was denied by the trial court. Aragon-Hernandez v. United States, 2010 WL 4595538 (N.D. Iowa, November 4, 2010). A request by the petitioner for authorization to file a successive § 2255 petition was denied by the Eighth Circuit on October 4, 2012.[6] Mr. Aragon-Hernandez filed the current petition for writ of habeas corpus under § 2241 on August 15, 2013, seeking relief under Alleyne v. United States, 133 S.Ct. 2151 (2013). In opposition to the petition the government contends that the Mr. Aragon-Hernandez is not entitled to retroactive application of the Alleyne decision and, in any event, the Alleyne decision does not offer the petitioner any relief from discretionary sentencing determinations.

**Discussion**

It is petitioner's contention that he was sentenced in violation of the Sixth Amendment, as determined in Alleyne, because his 151-month drug sentence was based upon drug quantities indicated in pre-sentence investigation reports which were not determined by a jury. The government argues that the petitioner cannot assert this claim under § 2241 because he cannot establish that § 2255 is ineffective or inadequate, and furthermore, the sentence was a proper exercise of judicial discretion as to sentencing.

---

[5] Gov't Mot. to Dismiss Pet., Ex. B.

[6] Id., Ex. C.

With respect to the assertion of claims under § 2241 the petitioner disagrees with the government's extension of Apprendi and insists that the court should apply Alleyne retroactively to conclude that the sentence was based upon non-jury findings in violation of the Sixth Amendment.  Petitioner's argument is unavailing.  A challenge to a sentence or conviction must generally be presented to the sentencing court through a § 2255 petition and § 2241 cannot provide the basis for a petition unless it is shown that § 2255 is inadequate or ineffective. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir 2004).  The necessary showing has not and cannot be made in this instance.

The overarching holding of Apprendi is that a fact which increases the penalty for a crime beyond the statutory maximum constitutes an element of the offense that must be proved beyond a reasonable doubt under the Sixth Amendment.  Alleyne v. United States, 133 S.Ct. at 2153.  Under Alleyne the Apprendi principle was applied with respect to a fact that increases the mandatory minimum sentence.  Alleyne at 2153.  Alleyne is clearly an extension or expansion of the Apprendi ruling and the cases are indistinguishable with respect to the availability of § 2241 as a statutory basis for review.  In Perez v. Warden, FMC Rochester, 286 F.3d 1059 (8th Cir. 2002) the appellate court dispelled the notion that a § 2241 petition was proper basis for review of an Apprendi claim because of the unavailability or inadequacy of § 2255.  The court held that a remedy under § 2255 action was not result of an insufficiency in § 2255, but rather, resulted from the absence of any Supreme Court ruling applying Apprendi retroactively to past criminal convictions.  Id. at 1062.  It is of no consequence that the Supreme Court may never rule that Apprendi applies retroactively, and if the decision is later made retroactive, the petitioner may then raise his claims in a second § 2255 petition.  Perez at 1062.  Likewise, in the more recent

Alleyne decision the Supreme Court made no ruling that its holding should be applied retroactively and made no ruling that Apprendi should be applied retroactively. Petitioner's Sixth Amendment claims in this matter cannot be brought under § 2241, and the matter should therefore be dismissed. See also Moss v. Holinka, 2006 WL 1966756, *3-*5 (D. Minn. 2006) (§ 2255 not inadequate or ineffective to present Apprendi claim and § 2241 action therefore could not be entertained).

**Sentencing Discretion.** As to length of the 151-month sentence imposed upon Mr. Aragon-Hernandez, the government correctly notes that the decision in Alleyne expressly states that the ruling does not mandate that any fact that may influence judicial discretion in sentencing must be found by a jury. Alleyne at 2163. A jury in this matter found that the petitioner was guilty of drug conspiracy under 21 U.S.C. § 841(a)(1), and the quantity of drugs for which the defendant was responsible, i.e. 500 grams of more of methamphetamine, was sufficient to implicate the 10-year mandatory minimum sentence under § 841(b)(1)(A).[7] The trial court thereafter sentenced the defendant to a term within the advisory guideline range of 151-188 months, arguably based upon drug quantity calculations provided to the count through pre-sentence investigation reports.[7] The court's sentencing pursuant to the guidelines in this matter does not implicate the mandatory minimum addressed in Alleyne and was not a improper exercise of sentencing discretion for which relief might be available under Alleyne. The petition for § 2241 relief should be dismissed.

**Request for Counsel**

---

[7] Pet., Ex. 1.

[7] Pet., pp. 2-3.

Petitioner Enrique Aragon-Hernandez concluded his petition with a request for appointment of counsel, in light of the legal and factual complexity of the case and his inability to properly present and develop the issue. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in habeas proceedings. The appointment of counsel in such cases is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997)(citing Pennsylvania v. Finley, 107 S.Ct. 1990, 1993-94 (1987)). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The nature of this case is not such that both the petitioner and the court would benefit from the appointment of counsel. Petitioner has exhibited a sufficient understanding of the judicial process, and the ability to proceed without legal counsel. He has been able to articulate his claims, assert the law and facts that he considers applicable, and state his positions. Furthermore, the court finds little difficulty in understanding the nature of the claims and the petitioner's position on those matters. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

Based upon the foregoing discussion, along with the petition and exhibits, the government's memorandum response and submissions, and the petitioner's rebuttal memorandum, the magistrate judge makes the following:

## RECOMMENDATION

It is **Hereby Recommended** that the government's Motion to Dismiss Petition pursuant to 28 U.S.C. § 2241 be **granted** [Docket No. 4]; that petitioner Enrique Aragon-Hernandez's Motion Pursuant to 28 U.S.C. § 2241 be **denied** [Docket No. 1]; and that this action be **dismissed** with prejudice. Petitioner's request for appointment of counsel, in the interests of justice, should be **denied**.

Dated: January 6, 2014

    s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before January 21, 2014. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.