## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Enrique Aragon-Hernandez,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 13-cv-2218 (SRN/AJB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Enrique Aragon-Hernandez, *Pro Se* Petitioner.

James E. Lackner and Gregory G. Brooker, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

**I.     INTRODUCTION**

This matter is before the Court for consideration of Petitioner's Objections [Doc. No. 9] to Chief United States Magistrate Judge Arthur J. Boylan's January 6, 2014, Report and Recommendation ("R&R") [Doc. No. 7].  The Magistrate Judge recommended that: (1) the Government's Motion to Dismiss Petition Pursuant to 28 U.S.C. § 2241 [Doc. No. 4] be granted; (2) Petitioner's Motion Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be denied; (3) this action be dismissed with prejudice; and (4) Petitioner's request for appointment of counsel be denied.  For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R in its entirety.

1

## II.     BACKGROUND

The Report and Recommendation documents the factual and procedural background of this case, and the Court incorporates it by reference. Briefly stated, Petitioner Enrique Aragon-Hernandez is currently imprisoned at the Federal Medical Center in Rochester, Minnesota. He is serving a 211-month sentence imposed by the United States District Court for the Northern District of Iowa, after a jury found Petitioner guilty of conspiracy to distribute 500 grams or more of methamphetamine mixture (Count 1); distribution of more than 50 grams of methamphetamine mixture (Counts 2 and 3); and possession of a firearm in furtherance of a drug trafficking crime (Count 4). (J. in a Criminal Case in United States v. Hernandez, case number 3:06-cr-3061-MWB-1 [Doc. No. 94].) Petitioner directly appealed his sentence, which the Eighth Circuit affirmed. United States v. Hernandez, No. 7-2761, 2008 WL 2369626 (8th Cir. 2008). On November 10, 2008, the Supreme Court denied his petition for a writ of certiorari. Hernandez v. United States, 555 U.S. 1018 (2008).

In June 2009, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Northern District of Iowa. United States v. Hernandez, case number 3:09-cv-3040-MWB [Doc. No. 1].) This motion was denied, and the court declined to issue a certificate of appealability. (Id. at [Doc. No. 55].) Petitioner appealed the denial of a certificate of appealability to the Eighth Circuit Court of Appeals. (Id. at [Doc. No. 57].) The Eighth Circuit denied Petitioner's application for a certificate of appealability and dismissed the appeal. (Id. at [Doc. No. 64].)

In June 2012, Petitioner filed an application for authorization to file a second or

successive habeas petition, which was denied.

On August 15, 2013, Petitioner filed the instant petition under 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota, seeking to vacate his federal sentence based on <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  On August 28, 2013, the Government moved to dismiss the instant petition.  (Government's Mot. to Dismiss Petition Pursuant to 28 U.S.C. § 2241 [Doc. No. 4].)

On January 6, 2014, the Magistrate Judge recommended that: (1) the Government's Motion to Dismiss Petition Pursuant to 28 U.S.C. § 2241 be granted; (2) Petitioner's Motion Pursuant to 28 U.S.C. § 2241 be denied; (3) this action be dismissed with prejudice; and (4) Petitioner's request for appointment of counsel be denied.  (Jan. 6, 2014, Report and Recommendation at 7 [Doc. No. 7].)  On January 22, 2014, Petitioner filed his Objections [Doc. No. 9] to the Magistrate Judge's Report and Recommendation.

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

As to the underlying challenge to a federal sentence, a petitioner generally must do

so in the sentencing court through 28 U.S.C. § 2255, and not through 28 U.S.C. § 2241. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Whereas a Section 2255 motion involves a challenge to the imposition of a sentence, a Section 2241 motion involves a challenge to the execution of a sentence. See Mickelson v. United States, No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002). A motion under Section 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under Section 2255 would be "inadequate or ineffective."[1] See Abdullah, 392 F.3d at 959. To establish that a remedy is inadequate or ineffective,

> there must be more than a procedural barrier to bringing a § 2255 petition . . . § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred.

Id. Moreover, a prisoner cannot raise an issue in a Section 2241 motion that could have been or was actually addressed in the Section 2255 motion filed in the sentencing district. Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir. 2003). A federal prisoner should be allowed to seek habeas corpus under Section 2241 "only if he had no reasonable

---

[1] The requirement that a petitioner must first show that § 2255 is "inadequate or ineffective" comes from the savings clause in § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." Lapsley v. United States, No. 11-20, 2012 WL 2904766, at *7 (D. Minn. June 6, 2012).

### B. Section 2241 Motion

Petitioner challenges the validity of his sentence and not its execution. As such, he must do so in the sentencing court through 28 U.S.C. § 2255 and not 28 U.S.C. § 2241. Petitioner already filed a Section 2255 motion in the United States District Court for the Northern District of Iowa, which was denied. Petitioner's application for authorization to file a second or successive habeas petition was denied as well.

Section 2255 is Petitioner's exclusive remedy, unless he can show that such remedy is inadequate or ineffective. Petitioner cannot make such a showing, because the denials of Petitioner's Section 2255 motion and his application for authorization to file a second or successive habeas petition are procedural barriers. Procedural barriers do not render the remedy under Section 2255 inadequate or ineffective. Abdullah, 392 F.3d at 959.

Petitioner objects that under Alleyne v. United States, 133 S. Ct. 2151 (2013),[2] the law changed after his direct appeal and first Section 2255 motion, therefore justifying relief under Section 2241. (Pet'r's Objection to Magistrate's Report and Recommendation at 2 [Doc. No. 9].) Petitioner claims that he "was sentenced from a preponderance determination . . . and in essence sentenced for a non-existent offense, outside of the jury's verdict." (Id. at 2-3.)

---

[2] Alleyne held that under the Sixth Amendment, facts that increase a defendant's mandatory minimum sentence are elements of the crime and must be found by a jury beyond a reasonable doubt. 133 S. Ct. at 2163.

5

The Court respectfully disagrees. Alleyne does not apply to Petitioner's case. First, the Supreme Court has not found Alleyne to apply retroactively. As the Seventh Circuit Court of Appeals commented:

> Alleyne is an extension of Apprendi . . . The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004). This implies that the Court will not declare Alleyne to be retroactive (citation omitted) . . . But the decision is the Supreme Court's, not ours, to make.

Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Second, Alleyne only addressed whether the facts necessary to invoke a mandatory minimum must be alleged in the indictment and proven to a jury. It does not apply to discretionary sentencing determinations based on facts found by the Court. Indeed, the Court in Alleyne distinguished such judicial factfinding as untouched by its holding:

> Juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range *and* does so in a way that aggravates the penalty. Importantly, this is distinct from factfinding used to guide judicial discretion in selecting a punishment "within limits fixed by law." Williams v. New York, 337 U.S. 241, 246 (1949). While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that element of sentencing.

Alleyne, 133 S. Ct. at 2161 n.2 (emphasis in original).

In this case, the jury determined that Petitioner was in a conspiracy involving more than 500 grams of methamphetamine. This finding triggered the ten-year mandatory minimum sentence under § 841(b)(1)(A). At sentencing, the Court determined the total amount of drugs involved in the conspiracy and sentenced Petitioner to a term within the advisory guideline range of 151-188 months. Because Alleyne does not affect the judicial

6

factfinding with which Petitioner takes issue, it is inapposite here.

For these reasons, the Court dismisses Petitioner's motion for Section 2241 relief.

### C. Request for Appointment of Counsel

Petitioner requested appointment of counsel. In determining an indigent litigant's need for appointment of counsel, courts consider the factual complexity of the case, the petitioner's ability to present his claims and investigate the facts, the complexity of the legal issues, and whether both the petitioner and the Court would benefit from representation by counsel for both parties. See Johnson v. Williams, 788 F.2d 1319, 1327 (8th Cir. 1986). Where a petitioner has shown familiarity with case law and judicial procedure, a court may refuse to appoint counsel. Id.

The Magistrate Judge properly found that appointment of counsel is unnecessary for Petitioner. Having reviewed the record, the Court concludes that Petitioner has shown sufficient understanding of the judicial process and the ability to proceed *pro se*. He has articulated his claims, asserted what he views as applicable law and facts, and presented his positions. The facts and law here are not so complex that both Petitioner and the Court would benefit from appointing counsel. Accordingly, the Court denies Petitioner's request.

## IV. ORDER

The Court **OVERRULES** Petitioner's Objections [Doc. No. 9] and **ADOPTS** the Magistrate Judge's January 6, 2014, Report and Recommendation [Doc. No. 7]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**;

2. The Government's Motion to Dismiss Petition Pursuant to 28 U.S.C. § 2241 [Doc.

No. 4] is **GRANTED**;

3. Petitioner's request for appointment of counsel is **DENIED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:      February 6, 2014                    s/ Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Court Judge